IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *LEONARD HADLEY, #A76279,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-02164-SMY |
| | ) | |
| *DENNIS LARSON, DEBORAH HALE,* | ) | |
| *and MELODY MURRY,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO SET ASIDE DEFAULT

COME NOW Defendants, Melody Murry (incorrectly named as "LPN Melody"), Dennis Larson, M.D. (named as "Dr. Larson"), and Deborah Hale (incorrectly named as "LPN Debra"), by and through their attorneys, Sandberg Phoenix & von Gontard P.C., and respectfully move this Honorable Court to set aside the Clerk's Entry of Default [Doc. 37], pursuant to Federal Rule of Civil Procedure 55(c), and states the following in support of this request:

### Background

1.     Plaintiff filed the original Complaint in the above-captioned action on December 12, 2018, in the United States District Court for the Southern District of Illinois.  Doc. 1.

2.     On September 30, 2019, this Court completed a Merits Review and issued a Memorandum and Order dismissing claims against several defendants and finding the claims should proceed against Defendants Larson, Murry, and Hale as Count 3.  *See generally,* Doc. 25.

3.     The Court subsequently sent out requests for waiver of service to each defendant. Doc. 26.

4.     On or around October 25, 2019, the Court received executed waivers of service from Defendants Larson and Murry, making their respective Answers due by December 2, 2019.

Doc. 27.  The voluntary execution of waivers of service show a good faith effort by Defendants Larson and Murry that they were not intentionally ignoring Plaintiff's suit.

5.      On November 8, 2019, summons was issued as to Defendant Hale ("LPN Debra").  Doc. 28.  On November 27, 2019, a return of service as to Defendant Hale was filed with the Court indicating service upon Defendant Hale on November 14, 2019.  Doc. 31. Defendant Hale's answer was due on December 13, 2019.

6.      By inadvertent and regrettable mistake, Defendants Larson and Murry's executed waivers of service and Defendant Hale's summons were not transmitted to counsel.  Responsive pleadings were, therefore, not filed due to the inadvertent oversight.

7.      On July 22, 2020, the Clerk entered a default against Defendants Larson, Murry, and Hale.  Doc. 37.

8.      The Defendants subsequently learned of the error, forwarded all pleadings to counsel, and each is prepared to answer.

9.      Defendants' failure to file responsive pleadings was not done or intended in bad faith, but rather was the result of an inadvertent mistake.

10.     No party will be prejudiced if the Court sets aside the July 22, 2020, default, because this case remains in its early stage of litigation.  No discovery schedule has been entered, no trial date has been assigned, and Defendants understand no substantive discovery or actions have been completed following the Court's initial review.  Plaintiff is no longer incarcerated at St. Clair County Jail, the location of the alleged events, as he is now housed at Big Muddy River Correctional Center, and he is not seeking any injunctive or other time-sensitive relief against the defendants.

11.     Defendants maintain there are meritorious defenses to the substantive allegations that they each intend to defend through trial.

### Standard – Federal Rule of Civil Procedure 55(c)

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause".  Fed. R. Civ. P. 55(c).  To vacate an entry of default the moving party must show: (1) good cause for [the] default (2) quick action to correct it and (3) [a] meritorious defense to plaintiff's complaint."  *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994), citing *United States v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir.1989).  Further, [a]fter the entry of a default, but before the entry of a final default judgment, the defaulting party may file a motion under rule 55(c) of the Federal Rules of Civil Procedure to have the default set aside.  The elements required for relief under rule 55(c) are essentially the same as under rule 60(b), but the test is more liberally applied."  *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984), citing *Breuer Electric Manufacturing Co. v. Toronado Systems of America,* 687 F.2d at 187, footnote removed.  The Seventh Circuit has recognized the standard to set aside an entry of default under Rule 55(c) – as opposed to a default judgment under Rule 60(b) – as "lenient".  *Cracco v. Vitran Express Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

Good cause may be demonstrated through mistake or inadvertence, which was not willful.  *Parker v. Scheck Mechanical Corporation*, 772 F.3d 502, 505 (7th Cir. 2014); see also *Cracco, supra* at 631.  ("Vitran has shown good cause for the lateness of its answer; it did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence. … there is no evidence that it acted willfully when it failed to respond to Mr. Cracco's complaint.").  A meritorious defense must be more than bare legal

conclusions, but it is less than definitive showing that the defense will prevail. *Parker v. Scheck Mechanical Corp.* at 505, citing *Breuer Electric Mfg. Co. supra at 186. A factual basis for the defense is important to determine if the defense might be meritorious. See Cracco, supra at 631,* ("Vitran's explanation for its decision cannot be characterized as so conclusory as to be fatal. Rather, it notified the plaintiff and the district court of the nature of Vitran's defense and provided the factual basis for that defense.").

## **<u>Argument</u>**

Defendants have shown good cause to set aside the entries of default based on the inadvertent mistake, and they have taken quick action to correct the default by filing this motion within a week after the Default was entered by the clerk.  Furthermore, each of these defendants has a meritorious defense to the Plaintiff's allegations based on both the failure to exhaust administrative remedies and the merits of the substantive deliberate indifference claims; therefore, under the lenient standards in FRCP 55(c), the entries of default against Defendants Larson, Murry, and Hale should be set aside.

Defendants have demonstrated good cause to set aside the default.  The failure to transmit the executed waivers of service to anyone but the Court was the result of inadvertence. Similarly, the failure to transmit the summons was the result of inadvertence.  Defendants made an error, but there is no evidence this action was willful or intentional.   The fact these Defendants are actively defending numerous cases in the Southern District is evidence that this was simply an oversight and was not an intentional act to disregard their individual obligations under the Federal Rules.

Concerning quick action, Defendants became aware of the mistake shortly after the entry of default, and they have acted swiftly to engage counsel and defend against Plaintiff's action.

Counsel has entered on defendants' behalf, and is preparing Answers to the Plaintiff's Complaint which will be filed shortly hereafter with a separate request for leave to file the answer out of time.

Finally, Defendants have a strong factual basis for meritorious defenses to the Plaintiff's allegations.  Plaintiff appears to call into question the medical judgments of Dr. Larson and nurses Murry and Hale.  Plaintiff's allegations do not show a complete denial of medical care as he suggests, but rather show that he did not receive the specific medical care or treatment he wanted. A prisoner is entitled to reasonable measures to meet a substantial risk of harm – not to demand specific care.  *Forbes v. Edgar*, 112F.3d 262, 267 (7th Cir. 1997).

Defendants will utilize Plaintiff's medical records and his personal testimony to defend the merits of Plaintiff's vague claims of a constitutional violation due to a failure to address a serious medical need.  As the Court is aware, proving a constitutional violation claim against medical providers is a high hurdle that requires the Plaintiff to prove, among other showings, a medical provider had actual knowledge of "impending harm easily preventable, so that a conscious, culpable refusal to prevent harm can be inferred from the defendant's failure to prevent it." *Thomas v. Walton*, 461 F.Supp 2d 786, 793 (S.D. Ill. 2006); citing *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985).  The Seventh Circuit has noted that the standard for deliberate indifference is difficult to meet because it requires a "showing as something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821-822 (7th Cir. 2012), quoting *Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006)).  In the context of medical professionals, negligence, or even gross negligence, does not equate to deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001).

While Defendants at this time do not have medical records to cite in defense of these claims, the Plaintiff himself seems to acknowledge that he did receive some form of medical treatment.  *See generally* Docs. 1 & 25.  Although Plaintiff disagrees with the medical decisions related to those treatments, the vague allegations that these treatments amount to a denial of medical care to a pre-trial detainee in violation of the Fourteenth Amendment do not meet the high standard of proving Defendants were deliberately indifferent in this case or that their actions were more culpable than merely negligent or grossly negligent.  In short, Defendants deny Plaintiff's claim and they will meritoriously defend against the claims; not with mere conclusions but with medical records and testimony.

## Conclusion

The Court has discretion to set aside this finding of default, and the standard for setting aside the default is a lenient standard which should be liberally applied.  Defendants have shown good cause insofar as the inadvertence to enter was a mistake, they have taken quick, corrective action, and they have a meritorious defense to several aspects of the Plaintiff's Complaint.  Therefore, Defendants Larson, Hale, and Murry respectfully request this Court exercise its discretion and set aside the entries of default.

WHEREFORE, Defendants Dr. Dennis Larson, Melody Murry, and Deborah Hale respectfully request this Honorable Court set aside the entry of default and for any and all other relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/Kevin K. Peek*
        Rodney M. Sharp, #6191776
        Kevin K. Peek, #6328823
        600 Washington Avenue - 15th Floor
        St. Louis, MO  63101-1313
        314-231-3332
        314-241-7604 (Fax)
        rsharp@sandbergphoenix.com
        kpeek@sandbergphoenix.com

        *Attorneys for Defendants*

### Certificate of Service

I hereby certify that on the 29th day of July 2020, the foregoing was filed electronically with the Clerk of the Court and mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

**LEGAL MAIL**
Leonard Hadley, #A76279
Big Muddy River Correctional Center
251 N. Illinois Highway 37
P.O. Box 900
Ina, IL  62846

                                */s/Kevin K. Peek*

13808665.v1                                   7