UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD HADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Cause No. 3:18-cv-2164-GCS |
| | ) |
| DENNIS LARSON, | ) |
| DEBORAH HALE, and | ) |
| MELODY MURRY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Leonard Hadley alleges that Defendants Dennis Larson, Deborah Hale, and Melody Murry provided him with inadequate medical care while he was a pretrial detainee at the St. Clair County Jail. Defendants were sent requests for waiver of service, which they each signed and returned. (Docs. 26, 27, 31). Larson's and Murry's answers were due on December 2, 2019, and Hale's answer was due December 13, 2019. None of the defendants answered or otherwise responded to Hadley's complaint, and Hadley filed two motions for default judgment pursuant to Federal Rule of Civil Procedure 55 in December 2019. (Doc. 34, 35).

On July 22, 2020, the Court denied Hadley's request for a default judgment as premature and interpreted his motion as one for a Clerk's entry of default pursuant to Rule 55(a). (Doc. 36). Default was entered against each defendant on July 22, 2020. On July 29, 2020, Hadley again moved for default judgment pursuant to Rule 55(b) (Doc. 38),

and Defendants filed a motion to set aside default (Doc. 42) and a motion for leave to file their responsive pleadings (Doc. 44).

Before default judgment can enter pursuant to Rule 55(b), a party must secure a Clerk's entry of default under Rule 55(a). An entry of default does not guarantee that a default judgment will be granted, as Rule 55(c) provides that "the court may set aside an entry of default for good cause." The standard for "good cause" is lenient, particularly where, as here, the Clerk has entered default but default judgment has not yet been finalized. *See JMB Mfg., Inc. v. Child Craft, LLC,* 799 F.3d 780, 791-792 (7th Cir. 2015).

To prevail on a Rule 55(c) motion, the movant must demonstrate (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 630-631 (7th Cir. 2009). The Rule 55(c) standard is "lenient" due to the "policy of favoring trial on the merits over default judgment." *Id.* at 631. Good cause does not require a party to provide a good excuse so long as setting aside a default does not create a windfall for a party. *See JMB Mfg., Inc.*, 799 F.3d at 792. *See also Arwa Chiropractic, P.C. v. Med-Care Diabetic*, 961 F.3d 942, 948 (7th Cir. 2020)(noting that Rule 60(b) allows relief from final judgment due to mistake, inadvertence, and excusable neglect and its standard is more stringent than the standard for good cause). Likewise, to establish a meritorious defense, a party does not need to make a definitive showing that the defense will prevail, though more than bare legal conclusions must be provided. *See Acosta v. DT & C Global Management, LLC*, 874 F.3d 557, 561-562 (7th Cir. 2017).

Here, while Hadley filed two motions for default judgment in December 2019, the Clerk's entry of default against Defendants was not entered until July 22, 2020. Defendants moved to set aside the default on July 29, 2020, demonstrating that they took quick corrective action in response to the default. Defendants explain that they did not willfully ignore this litigation and that they inadvertently failed to respond to Plaintiff's complaint. Defendants returned their executed waivers of service to the Court, but they accidentally failed to send the waivers to their counsel. As soon as they realized their mistake, they engaged counsel and immediately sought to set aside the entry of default. Their error is the type of error anticipated by Rule 55(c), and the Court finds that there is good cause to set aside the entry of default.

Defendants also demonstrate that they have a meritorious defense. Hadley claims that while he was detained at St. Clair County jail, Defendants provided him with insufficient or deficient healthcare, calling into question the treatment decisions and medical judgments made by Defendants. To succeed, Hadley must establish that he had a serious medical need and that Defendants' actions were objectively unreasonable, but that is often a difficult burden to establish. Medical providers have a great deal of leeway in their treatment decisions, and pretrial detainees are entitled to treatment but not necessarily to the treatment of their choice. Defendants analysis of the merits of their defense is thorough, rising well above the level of threadbare legal conclusions. As such, they demonstrate that they have a meritorious defense.

## CONCLUSION

For the above-stated reasons, Defendants' motion to set aside default is **GRANTED**. Plaintiff's motion for default judgment is **DENIED as moot**, and Defendants' motion for leave to file their responsive pleadings. Defendants shall file their answers by August 17, 2020.

**IT IS SO ORDERED.**

Dated:  August 13, 2020.

Digitally signed by Judge Sison
Date: 2020.08.13 14:43:12 -05'00'

GILBERT C. SISON
United States Magistrate Judge