UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEONARD HADLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Cause No. 3:18-cv-02164-GCS |
| | ) |
| **DENNIS LARSON,** | ) |
| **DEBORAH HALE, and** | ) |
| **MELODY MURRY,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

By motion dated August 14, 2020, Plaintiff Leonard Hadley asks the Court to enter default judgment against Defendants Larson, Hale, and Murry due to their failure to answer his complaint in a timely manner. (Doc. 53). He followed his motion to deny with an objection to Defendants' motion to set aside default (Doc. 59) and an amended motion for default judgment (Doc. 60).

In setting aside the Clerk's entry of default in this action, the Court found that Defendants sufficiently demonstrated (1) good cause for their default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). To the extent that Plaintiff's motion to deny (Doc. 53) is intended as a response to Defendants' motion to set aside, nothing in Plaintiff's filing undermines the Court's reasoning that setting aside the default was appropriate. In his objection (Doc. 59), Hadley suggests that Defendants were over 18 months late in

responding to his complaint, but the record does not support his claim. Defendants' answers were due in December 2019, but the Clerk did not enter default until July 22, 2020. Defendants moved to set aside the default within one week of its entry, which is sufficient to demonstrate the requisite quick action to correct their failure to respond to Plaintiff's complaint.

Hadley also argues that Defendants fail to establish their mistake or inadvertence because they fail to attach affidavits, instead arguing that they made a mistake through counsel. There is nothing improper about counsel representing to the Court that Defendants did not willfully ignore their duty to respond and that their failure to appear and defend this action was unintentional. Defendants do not need a good excuse, a mistake or inadvertence is sufficient, so long as setting aside a default will not create a windfall for them. *See JMB Mfg., Inc.*, 799 F.3d 780, 791-792 (7th Cir. 2015). As such, Hadley's argument that Defendants lacked good faith in their attempt to set aside the entry of default is not well taken.

To the extent that Hadley intends either of his filings to be treated as seeking reconsideration of the Court's ruling, Hadley fails to demonstrate that there has been a manifest error of law or of fact that requires reversing the decision to set aside the default. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(noting that motions to reconsider interlocutory orders "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (internal quotations and citations omitted).

In the absence of a Clerk's entry of default, Hadley's motion for default judgment and final judgment (Doc. 60) is **DENIED** as premature. His motion to deny (Doc. 53) is **DENIED**, and his objection to Defendants' motion to set aside default (Doc. 59) is **OVERRULED**.

**IT IS SO ORDERED.**

Dated:  August 28, 2020.

Digitally signed by Judge Sison 2
Date: 2020.08.28 10:57:05 -05'00'

GILBERT C. SISON
United States Magistrate Judge